IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JACQUELINE HIGH and JOHN BRAZZELL, Sr., as Personal Representatives of the Estate of JOHN BRAZZELL, JR., <br><br> Plaintiffs, <br><br> v. <br><br> CSX TRANSPORTATION, INC., AARON MICHAELS, and R.D. GIBBONS, <br><br> Defendants. <br>_____ | C.A. No. 3:05-3287-CMC <br> (Survival Action) <br><br> C.A. No. 3:05-3288-CMC <br> (Wrongful Death Action) |
| ANNE FANNING, Personal Representative of the Estate of RODERICK COUCH <br><br> Plaintiff, <br><br> v. <br><br> CSX TRANSPORTATION, INC., AARON MICHAELS, and R.D. GIBBONS, <br><br> Defendants. <br>_____ | C.A. No. 3:05-3289-CMC <br> (Survival Action) <br><br> C.A. No. 3:05-3290-CMC <br> (Wrongful Death Action) |
| DAISY SMITH, Individually and as Guardian ad litem of CORNELIUS BROWN, a minor, <br><br> Plaintiff, <br><br> v. <br><br> CSX TRANSPORTATION, INC., AARON MICHAELS, and R.D. GIBBONS, <br><br> Defendants. <br>_____ | C.A. No. 3:05-3292-CMC <br><br><br> ORDER DENYING MOTIONS <br> TO REMAND AND <br> CONSOLIDATING ACTIONS |

The five actions captioned above are before the court on Plaintiffs' motions to remand. For the reasons set forth below, the court denies the motions to remand and, *sua sponte*, directs that these actions be consolidated for pretrial proceedings. Whether the matters should be consolidated for trial will be decided at a later time.

**BACKGROUND**

These actions arise out of an accident which occurred on January 19, 2003, at the State Street railroad crossing in Cayce, South Carolina. The accident claimed the lives of John Brazzell, Jr. ("Brazzell") and Roderick Couch ("Couch") and resulted in injury to Cornelius Brown ("Brown"). While the parties disagree as to the allocation of fault, it is undisputed that the accident involved a collision between an Amtrak passenger train and a motor vehicle driven by Brazzell. Couch and Brown were passengers in Brazzell's motor vehicle.

Plaintiffs have not named Amtrak as a defendant. Instead, they assert claims against CSX Transportation, Inc. ("CSX") and its employees Aaron Michael ("Michael")[1] and R.D. Gibbons ("Gibbons") based on allegations that these Defendants are responsible for or contributed to the accident though negligent management of CSX's Cayce yard. The Cayce yard is adjacent to the State Street crossing.

The present actions were filed in the Richland County Court of Common Pleas on October 21, 2005. The filing of these actions followed, by several months, Plaintiffs' voluntary dismissal of substantially similar actions which had previously been filed in the Orangeburg County Court of

---

[1] This Defendant's name is spelled "Michaels" in the complaint but "Michael" in his affidavit. Dkt No. 1-2 at 10. The court assumes the latter to be the correct spelling.

Common Pleas.[2]   Those earlier actions, which named only Defendants CSX and Michael as Defendants, were also removed to this court.  *See, e.g.*, C.A. No. 5:04-2193.  Plaintiffs sought and obtained remand of the earlier filed actions based on the assertion that Michael, who was then a resident of South Carolina, was the terminal manager of CSX's Cayce yard on the date of the accident.[3]  *See* C.A. No. 5:04-2193, Dkt No. 8 at 1-2 (Plaintiffs' memorandum in support of remand relying on Michael's position as terminal manager in seeking remand); *and* Dkt No. 16 at 3  (Order granting remand based on conclusion Michael was not fraudulently joined).

### REMOVAL PAPERS AND REMAND MOTIONS

Defendants removed the present actions to this court on November 23, 2005.  In their notices of removal, Defendants assert three bases for federal subject matter jurisdiction..  Dkt No. 1 (Notice of Removal).[4]  First, Defendants assert that these actions fall within the court's diversity jurisdiction (28 U.S.C. § 1332), because the only non-diverse Defendant, R.D. Gibbons, was fraudulently joined. This argument rests on an averment that Gibbons was not responsible for CSX's Cayce Yard at the time of the accident.  Second, Defendants assert that Amtrak is a necessary party whose joinder would create federal question jurisdiction.  Third, Defendants assert that the state law claims are preempted and displaced by federal law.

---

[2]  Plaintiffs have not challenged Defendants' assertion that the earlier filed actions were voluntarily dismissed on June 14, 2005.  The reason for the voluntary dismissal, and refiling in a different county, is not revealed.

[3]  At the time of filing of the present action, Michael was a resident of Florida.

[4]  The docket entry numbers cited in this order are the same in all five actions.  The related filings are virtually identical, differing only as to the identity of the Plaintiffs and related identifying information.

The critical factual assertions underling the first ground for removal (based on diversity jurisdiction) are supported by two affidavits which were filed with the removal papers. The first is Defendant Michael's affidavit which states that he was the terminal manager of the CSX's Cayce yard on the date of the accident. Michael Affid. ¶ 3. The second is Defendant Gibbons' affidavit which states: "In January of 2003, I was employed by CSX Transportation as a Line of Road Trainmaster." Gibbons Affid. ¶ 3. Gibbons further states that his "territory as Line of Road Trainmaster did not include the Cayce Yard or the State Street Crossing, nor did I have any supervisory authority over these locations." Gibbons Affid. ¶ 4.

Plaintiffs filed substantially similar motions to remand in each of these actions on December 19, 2005. Dkt No. 5. In their supporting memoranda, Plaintiffs argue that Gibbons is properly joined because "[t]he complaint alleges that Defendant Gibbons was the terminal train master, and he had a duty to ensure that the switching yard was operated in such a manner that the State Street crossing was safe for use by [motorists]." Dkt No. 5-2 at 1-2. This argument, as well as the remainder of Plaintiffs' arguments, are based either on the assumption that there is evidence that Gibbons was the terminal trainmaster at the relevant time or on the belief that the *allegation* that he was the terminal trainmaster is sufficient to defeat removal.[5]

---

[5] *See id.* at 2 ("Gibbons, as terminal train master, had a duty to ensure that the terminal was operated in compliance with the rules")*; id.* at 4 (discussing responsibility of "terminal trainmaster . . . for the flow of train traffic" within the rail yard); *and id.* at 7 ("[P]laintiff's case is predicated upon the negligent operation of the switching yard, and the crossing. The yard was operated on CSX's behalf by Mr. Gibbons. As such, all defendants are liable to the plaintiff.").

4

Plaintiffs offer evidence that Gibbons was the terminal trainmaster[6] for CSX's Cayce yard a number of years prior to the accident. *See* Dkt No. 5-3 (Exhibit B) at 3 (Public Service Commission order dated August 25, 1988, identifying Gibbons as "terminal trainmaster for [CSX] at its Cayce, South Carolina yard"). Plaintiffs do not, however, offer any evidence or prediction of evidence that Gibbons held the position of terminal trainmaster or had any responsibility for the Cayce yard at the time of the accident. *See* Gibbons affid. ¶¶ 4 (indicating Gibbons' "territory as Line of Road Trainmaster did not include the Cayce Yard or State Street Crossing"). Neither do Plaintiffs address the two additional jurisdictional grounds cited in the notice of removal.

Defendants filed memoranda opposing Plaintiffs' motions to remand. These memoranda address all three grounds for removal. Relying on affidavits attached to the notice of removal, Defendants note that, on the date of the accident, Defendant Michael, not Gibbons, was the Terminal Manager of the Cayce Yard. Dkt No. 7 at 2. Defendants also note that Plaintiffs previously successfully opposed removal based on the factual assertion that Michael was the Terminal Manager and might, as such, be held responsible for the accident.

The time allowed for Plaintiffs to reply has expired. The briefing is, therefore, concluded without input from Plaintiff as to two of the jurisdictional grounds on which removal rests.

## DISCUSSION

**I.      Fraudulent Joinder – Diversity Jurisdiction**

When a plaintiff has fraudulently joined a nondiverse defendant, a district court may retain jurisdiction and disregard the nondiverse party. *See Mayes v. Rapaport*, 198 F.3d 457, 461 (4th Cir.

---

[6] While no definition of "terminal trainmaster" is provided, the court presumes for purpose of this order that the duties include responsibility for operation of a rail yard and are similar to, if not the same as, the duties of a "terminal manager."

5

1999). To show fraudulent joinder of a party, a removing party "must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transportation, Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden–it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley,* 187 F.3d at 424.

The Fourth Circuit has described this standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (citations omitted). All the plaintiff needs to show is that there is a "glimmer of hope," *Mayes,* 198 F.3d at 466, or a ""slight possibility of a right to relief" in state court. *Hartley,* 187 F.3d at 426.

Under the unique circumstances of the present case, this court finds the fraudulent joinder standard to be satisfied for several interrelated reasons. First, Plaintiffs successfully opposed removal of their earlier filed actions based on the factual assertion that Michael held the position they now seek to ascribe to Gibbons. Second, the factual assertion that Michael, rather than Gibbons, was Terminal Manager for the Cayce yard, is supported by two uncontradicted affidavits. Third, despite their prior opportunity for discovery, Plaintiffs have suggested no evidence that Gibbons had any relevant job responsibility on the date of the accident. *See supra* n. 6. Neither have Plaintiffs suggested any factual basis for their decision to add Gibbons as a Defendant, such as knowledge gained during discovery in the earlier filed actions.

In light of these considerations, and provided with no suggestion of evidence that Gibbons had any relevant responsibility on the date of the accident, the court concludes that Gibbons was

6

fraudulently joined. The court, therefore, denies the motion to remand. This denial is, however, without prejudice to renewal of the motion to remand should timely discovery provide evidence challenging Defendants' averments as to the limited scope of Gibbons' duties.

## II.    Additional Grounds for Subject Matter Jurisdiction

In light of the above determination, the court need not reach Defendants' additional grounds for jurisdiction. Should Plaintiffs renew their motions to remand, they are directed to address those grounds as well.

## III.   Consolidation

The court finds that these five actions should be consolidated for purposes of pretrial management. The court defers any determination as to whether these actions should be consolidated for purposes of trial.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motions to remand are denied and these actions are consolidated for purposes of pretrial management.

**IT IS SO ORDERED.**

                                             S/ Cameron McGowan Currie
                                             CAMERON MCGOWAN CURRIE
                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 24, 2006

C:\temp\notesB0AA3C\05-3287 et al remand order.wpd